UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMEL DALLUGE,<br><br>        Plaintiff,<br> v.<br><br>ALVA MOSELEY, *et al.*,<br><br>        Defendants. | Case No. 09-5623BHS/JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE PRIOR TO EXHAUSTION OF THE ADMINISTRATIVE GRIEVANCE SYSTEM, ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT AND REMOVING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF FROM THE CALENDAR |

   This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Before the court are three motions filed by the plaintiff. In the first motion plaintiff asks that he be allowed to file this action prior to exhausting the prison grievance system (Dkt. # 9). In the second motion he asks for emergency injunctive relief (Dkt. # 10). In the last motion, which is in letter form, he states he was wrong in

ORDER - 1

stating he had not exhausted the grievance system and he asks for leave to file the grievance (Dkt. # 16).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies **prior** to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted this legislation in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e (a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff's attempt to exempt this action from the administrative review process is unacceptable. The court lacks the authority to waive exhaustion. The motion to file prior to exhaustion is DENIED.

The most recent motion seems to suggest that the grievance process was complete when the action was filed (Dkt. # 16). Plaintiff has not placed a copy of the final grievance before the

ORDER - 2

court, so the court cannot verify when the grievance process was complete. The court now Orders plaintiff to file an amended complaint. The amended complaint will act as a complete substitute for the original. Plaintiff is directed to attach the copies of the paperwork showing he has exhausted the grievance process. The amended petition will be due on or before **March 5, 2010**.

On its own motion the court will continue plaintiff's motion for injunctive relief, (Dkt. # 10). This motion may be re-noted by plaintiff after the amended complaint has been filed and the matter of exhaustion has been addressed.

The clerk is directed to send plaintiff a copy of this order, remove Dkt. # 9, 10, and 16 from the court calendar, and note the **March 5, 2010**, due date on the court calendar.

DATED this 29th day of January, 2010.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3